# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1748V

|  |  |
|---|---|
| CLAIRE PANELLA,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 29, 2024 |

*Danielle Strait, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 24, 2021, Claire Panella filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome resulting from adverse effects of an influenza vaccine she received on September 5, 2020. Petition, ECF No. 1. On June 14, 2023 (less than two years after the claim's initiation), I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $99,450.82 (representing $96,975.30 in fees plus $2,475.02 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Aug. 22, 2023, ECF No. 41. In accordance with General Order No. 9, Petitioner filed a signed statement representing that she incurred no out-of-pocket expenses. ECF No. 41-3.

Respondent reacted to the motion on Aug. 23, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No.42. Petitioner filed a reply on Aug. 25, 2023, noting a scrivener's error in the total amount of fees and costs requested in the original Motion, and correcting it to the slightly-lower sum of $99,450.32. ECF No. 43 at 1.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for the attorneys and paralegals who performed work in this matter are consistent with prior determinations, and will therefore be awarded herein.

However, the *magnitude* of the fees sought in this matter is facially high, especially compared to SPU cases generally. Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* The specific circumstances of this case, and the severe nature of the injury at issue, may explain why the fees requested are larger than usual. And the total amount received by Petitioner was significant as well – this is not a matter in which there is a disparity between the claimant's award and fees to be paid. But it remains the case that the sum requested seems excessive for a matter that was resolved within two years, and without a trial.

   A. *Excessive Billing*

A significant factor contributing to the high cost of fees in this case appears to be excessive or redundant billing. Special masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

The billing records establish that fifteen paralegals worked on the matter, billing a total of 159.90 hours to this case. *See* ECF 41-1 at 35-36. The majority of this work consisted of excessive time spent researching the processing procedures to request various medical records; drafting requests for medical records; multiple paralegals communicating with the same medical facilities, analyzing the same medical records, and multiple individuals participating in inter-office conferences, suggesting some degree of unnecessary overlap/inefficiency compounding the excessive billing associated with these tasks. Special masters have previously noted the inefficiency that results when

3

cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

### B. Paralegal Tasks Billed at Attorney Rates and Block Billing

Additionally, review of the billing records demonstrate that attorney Haskins billed a total of 15.10 hours[3] on paralegals tasks some of which were grouped with other tasks considered to be attorney level work. See ECF No. 41-1 at 9-32. Since several paralegal tasks are billed on the same entry as other tasks, I am unable to identify the amount of time spent on each kind of task. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Rather, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[4] Several tasks lumped together with one-time entry impedes assessment of the reasonableness of the request.[5]

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. I thus account for the foregoing by reducing the total fees to be awarded herein by *fifteen percent* as a fair adjustment to account for the billing issues. This results in an overall reduction in the amount of fees to be awarded of **$14,546.29**.[6]

---

[3] Non-exhaustive examples of paralegal tasks some of which are block-billed with attorney-level work: 5/10/21: "Follow up regarding subpoenas…Prepare notes to file." 7/19/21: "Review injury timeline to determine missing dates of service…Follow up regarding additional records…Review insurance Itemization." 8/11/21: "Review various correspondence from MRO regarding fee correspondence…Follow up regarding additional outstanding medical records and prepare notes to file." 8/19/21: "Review treating physician list and follow up regarding outstanding requests for records." 8/30/21; 9/7/21; 9/22/21; 10/6/21 (two entries); 10/13/21; 10/18/21 (three entries); 8/31/22; 11/10/22; 2/7/23; 2/21/23; 3/2/23; 3/3/23; 3/6/23. *Id.*

[4] The Guidelines for Practice can be found at: http://www.cofc.uscourts.gov/vaccine-guidelines.

[5] Other examples of block-billing entries: 3/17/21; 3/26/21; 4/21/21; 5/27/21; 7/8/21; 7/21/21; 7/23/21; 8/18/21; 8/20/21; 8/23/21; 8/9/22; 9/1/22 (two entries); 9/15/22; 9/20/22; 9/21/22; 9/22/22; 9/23/22; 10/4/22; 10/7/22; 11/9/22; 11/11/22; 2/21/23. *Id.*

[6] This amount is calculated as ($96,975.30 x 0.15) = $14,546.29.

## ATTORNEY COSTS

Petitioner requests $2,237.15 in overall costs. ECF No. 40-3. Such costs are associated with obtaining medical records, postage fees and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$84,904.03 (representing $82,429.01 in fees plus $2,475.02 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, but forwarded to Maglio, Christopher and Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.